UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NADINE TOWNSEND,

                                    Plaintiff,

                                                        1:13-cv-01600
v.                                                      (TJM/TWD)

PUBLIC STORAGE INC.,

                                    Defendant.

_____

APPEARANCES:

NADINE TOWNSEND
Plaintiff *pro se*
911 Central Avenue, #329
Albany, New York 12206


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>ORDER AND REPORT-RECOMMENDATION</u>

The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* and motion for appointment of counsel to the Court for review.[1] (Dkt. Nos. 1-3.)

---

[1] The Court notes that Plaintiff filed eleven different civil actions against different defendants in the Northern District of New York on December 31, 2013: *Townsend v. Liberty Mut. Fire Ins. Co.*, 1:13-CV-1597 (MAD/RFT); *Townsend v. Whitney M. Young Jr. Health Center, Inc. et al*, 1:13-CV-1598 (LEK/CFH) (Rep't recommending dismissal with leave to amend – Dkt. No. 4; Recommendation adopted – Dkt. No. 5); *Townsend v. GHI et al*,1:13-CV-1599 (GTS/CFH) (Rep't recommending dismissal with leave to amend – Dkt. No. 4); *Townsend v. L.T. Auto Transport, Inc.*, 1:13-CV-1601 (MAD/CFH) (Rep't recommending dismissal with prejudice – Dkt. No. 4; Recommendation adopted and case dismissed with prejudice – Dkt. Nos. 5 and 6); *Townsend v. Trustco Bank,* 1:13-CV-1602 (TJM/CFH) (Rep't recommending dismissal – Dkt. No. 4; *Townsend v. Dordofsky et al*., 1:13-CV-1603 (MAD/ATB); *Townsend v. Highland General Hospital*, 1:13-CV-1603 (MAD/ATB) Rep't recommending dismissal with prejudice – Dkt. No. 4; Recommendation adopted and case dismissed with prejudice – Dkt. Nos. 5 and 6); *Townsend v. Parkland Memorial Hospital et al.*, 1:13-CV-1604 (DNH/CFH) (Rep't

Plaintiff Nadine Townsend has commenced this action against Defendant Public Storage Inc., alleging jurisdiction under 42 U.S.C. § 1981, *et seq*.; 28 U.S.C. § 1343; 15 U.S.C. § 2001, *et. seq*.; and 18 U.S.C. §§ 1501 and 1961.  For the reasons that follow, I grant Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2), deny her motion for appointment of counsel, and recommend the *sua sponte* dismissal of her Complaint with prejudice.  (Dkt. No. 1.)

## I.      PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

---

recommending dismissal with prejudice – Dkt. No. 4; Recommendation adopted and case dismissed with prejudice – Dkt. Nos. 5 and 6); *Townsend v. Albany County Department of Social Services et al*., 1:13-CV-1605 (GTS/CFH) (Rep't recommending dismissal – Dkt. No. 4); *Townsend v. Pep Boys, Manny Moe and Jack*, 1:13-CV-1606 (MAD/RFT);  *Townsend v. Solis*, 1:13-CV-1607 (MAD/CFH) (Rep't recommending dismissal – Dkt. No. 4; Recommendation adopted and case dismissed with prejudice – Dkt. Nos. 5 and 6).  The Court also notes that in 2010, plaintiff filed three cases on the same day in the Northern District of New York, all of which were dismissed without service on defendants. *See Townsend v. The Roman Catholic Diocese of Albany County et al*., 1: 10-CV-1303 (GLS/DRH) (closed 5/23/11 -dismissed for failure to submit an amended complaint that complied with pleading requirements); *Townsend v. Solis*, 1:10-CV-1304 (GLS/DRH) (closed 12/23/10 -dismissed based upon judicial immunity of the defendant); *Townsend v. Dobbs et al*., 1:10-CV-1305 (GLS/RFT) (closed 1/26/12 - dismissed for failure to file an amended complaint that complied with pleading requirements).

## II.    ALLEGATIONS OF THE COMPLAINT[2]

Plaintiff alleges that on or about January 29, 1999, she entered into an agreement with Defendant to store her van at Defendant's storage facility in Dallas, Texas for a period of one year.  (Dkt. No. 1 at ¶ 3.)   At the time, Plaintiff was planning on moving to California with her mother.  *Id*. at ¶ 4.  Plaintiff informed Defendant that she and her nearly seventy year old mother were both disabled, and that being forced to come back to Dallas to move the van would be difficult and would create financial hardship and perhaps further injury, pain, and suffering.  *Id.* Plaintiff was assured that the van would be fine in space P017 for as long as she needed the space.  *Id*. at ¶ 5.  Plaintiff moved the van into the space on or about January 29, 1999.  *Id*. at ¶ 6.

When or about May 29, 1999, Plaintiff received a phone call from Defendant informing her that she would have to move the van immediately, she was completely devastated because moving it would be a costly endeavor.  *Id*.  When Plaintiff reminded Defendant of the parties' agreement, she was told that the van had to be moved because she was late with her payments. *Id.* at ¶ 7.  When Plaintiff checked her receipts, she discovered she was not late in making payments.  *Id*.

Plaintiff called a representative of Defendant at the Dallas facility on or about June 8, 1999 and pressed her for answers as to why they were being forced to move the van and were

---

[2]  Although Plaintiff has named only one defendant against whom she asserts what is, at best, a more than fourteen year old breach of contract claim, her Complaint contains largely rambling and unintelligible conclusory allegations of both civil and criminal conspiracies consisting of private businesses and state and local agencies and officials regarding the ownership, insurance, repairs, storage, licencing and registration, and ticketing of her motor vehicle.  (Dkt. No. 1 at 3, 4 and 9.)

told that government officials were there pressing them to get Plaintiff's van out.  *Id*. at ¶ 9.

Plaintiff was told that the space where the van was being stored was not for vehicles, and when

Plaintiff asked that it be moved, she was told there were no more spaces available.  *Id*. at ¶ 9.

Plaintiff contacted business associates and friends in Dallas to check to see if spaces were

available and was told that there were spaces.  *Id*. at ¶ 10.  She then called Defendant's

headquarters and let them know that Defendant was violating the agreement it had with her to

store the vehicle.  *Id*. at ¶ 11.  She told headquarters that having to move the van would create an

unnecessary hardship for two disabled women.  Plaintiff told the woman at headquarters with

whom she spoke that Defendant's actions were "a violation of [their] rights and in violation of

free trade an act of deprivation and obstruction."  *Id*. at ¶ 12.

On or about June 16, 1999, Defendant contacted Plaintiff for the final time and offered to

transfer the van to a place where it could be kept.  *Id*. at ¶ 14.  Plaintiff claims that it was the first

time Defendants put anything in writing and has alleged that the letter from Defendant essentially

said for about the sixth time, pay us and get out.  *Id*. at ¶ 15.

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C.

§ 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the

case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the

complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (*per curiam*) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S.

at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.    VENUE

28 U.S.C. § 1391 governs the venue of all civil actions brought in the United States district courts. 28 U.S.C. § 1391(a)(1). Section 1391(b) provides that

> a civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, ___ U.S. ___, 134 S.Ct. 568, 577 (2013).

According to the Complaint, Defendant's corporate address is in the State of California and the storage area from which she was told to remove her van was in Dallas, Texas. (Dkt. No.

1 at 2.)  The sole connection between New York and Plaintiff's claim is that she is presently a resident of Albany, New York.  Plaintiff attempts to tie her conspiracy claim to New York by alleging that the City of Troy, New York issued her up to ten parking tickets during the weeks her mother was dying.  *Id*. at 4.  That allegation, however, bears no relationship whatsoever to her claim against Defendant regarding the storage of her van in Dallas, Texas in 1999 or her conclusory claims of conspiracy.  *See also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 846 (2013) (conclusory allegations of participation in a conspiracy have long been insufficient to state a claim).

Although Plaintiff now resides in New York, the venue statute does not refer to where a plaintiff resides.  The statute refers to the district where the defendants reside if they all reside in the same state in which the district is located, or to a district where a substantial part of the acts or omissions that form the basis for the complaint occurred. 28 U.S.C. § 1391(b)(1), (b)(2).  The dispute over the storage of Plaintiff's van occurred in Texas and spilled over into California to some extent when Plaintiff, then apparently residing in California, contacted Defendant's home office to complain.  *Id*. at ¶¶ 3-4,11-12.  Plaintiff's current residence is not relevant for purposes of the venue statute.  *See Rose v. Myers*, No. 3:13-CV-419 (MPS), 2013 WL 6073627, at *1, 2013 U.S. Dist. LEXIS 163385, at *4 (D. Conn. Nov. 18, 2013) (venue improper in Connecticut when plaintiff was a Connecticut resident, but none of the defendants resided in Connecticut, and the facts which formed the basis of plaintiff's complaint occurred in New Jersey).  Thus, none of the bases for asserting venue in New York is present in the Complaint.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could

have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is discretionary. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned, however, that a court should not dismiss for improper venue on its own motion "except in extraordinary circumstances." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992). Extraordinary circumstances may exist when the plaintiff is a vexatious litigant. *Id.* This court finds, as discussed below, that this Plaintiff's case presents sufficient extraordinary circumstances, justifying *sua sponte* dismissal, rather than a transfer to California, because the Plaintiff is a vexatious litigant, and her Complaint is frivolous.

## V.    JURISDICTION AND CLAIM ANALYSIS

In her Complaint, Plaintiff has cited various statutes as bases for jurisdiction: 42 U.S.C. § 1981; 28 U.S.C. § 1343;[3] 15 U.S.C. §§ 2301, *et seq.*; 18 U.S.C. §§ 1501 *et seq.*; and 18 U.S.C. § 1961 *et seq.* (Dkt. No. 1 at 2.)

### A.    18 U.S.C. § 1501 "*et seq.*"

Section 1501 provides criminal penalties for an individual who commits an assault on a process server. 18 U.S.C. § 1501. Section 1501 is part of the "Obstruction of Justice" section of Title 18. *See United States v. Masterpol*, 940 F.2d 760, 762 (2d Cir. 1991) (citing 18 U.S.C. §§ 1501-17). There is no mention of a process server in Plaintiff's Complaint, nor do the allegations in the Complaint provide a basis for finding jurisdiction under any of the other

─────────────────────

[3] Although 28 U.S.C. § 1343 grants original jurisdiction over actions based on various civil rights provisions, the section does not in itself create a cause of action. *Llanos v. Brookdale Univ. Hosp*, No. 10-CV-1726, 2011 WL 809615, at *4 (E.D.N.Y. March 2, 2011) (citations omitted).

"obstruction of justice" provisions in Title 18.[4] *See* obstruction of an "extradition agent" (18 U.S.C. § 1502); influencing or injuring an officer or a juror (18 U.S.C. §§ 1503, 1504); obstruction of proceedings before departments, agencies, and committees (18 U.S.C. § 1505); theft or alteration of a record or process or acknowledging bail in the name of another person (18 U.S.C. § 1506); picketing or parading with the intent of obstructing justice (18 U.S.C. § 1507); recording, listening to, or observing proceedings of grand or petit juries while they are deliberating (18 U.S.C. § 1508); obstruction of court orders (18 U.S.C. § 1509); obstruction of criminal investigations, or obstruction of state or local law enforcement (18 U.S.C. §§ 1510, 1511); tampering with, or retaliating against, witnesses, victims, or informants (18 U.S.C. §§ 1512, 1513); civil actions to restrain harassment of a victim or witness (18 U.S.C. § 1514); civil action to protect against retaliation in fraud cases (18 U.S.C. § 1514A); obstruction of a federal audit (18 U.S.C. § 1516); obstructing examination of financial institutions (18 U.S.C. § 1517); and obstructing criminal investigations of health care offenses (18 U.S.C. § 1518).

None of these sections applies to Plaintiff's claim that Defendant breached an agreement to allow her to store her van at its facility in Dallas, Texas. More importantly, Plaintiff cannot bring a civil action to enforce criminal statutes, even when the action is commenced in the proper venue. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action); *Brown v. State Farm Fire and Cas. Co.*, No. 3:11-CV-1435 (JBA), 2013 WL

---

[4]  The Court has considered other "obstruction of justice" provisions in Title 18 in light of Plaintiff's addition of "*et seq.*" to her citation of 18 U.S.C. § 1501 as a basis for jurisdiction.

951726, at *3 n.2, 2013 U.S. Dist. LEXIS 33647, at *11 n.2 (D. Conn. Mar. 12, 2013)[5]

(obstruction of justice and 18 U.S.C. §§ 1501-07 are criminal statutes that do not give rise to

private causes of action) (citations omitted); *Garay v. United States Bancorp*, 303 F. Supp. 2d

299, 303 (E.D.N.Y. 2004) (obstruction of justice is a criminal matter for which there is no private

cause of action) (citations omitted); *United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106,

108-109 (S.D.N.Y. 1990) (plaintiff had no standing to bring a civil suit under criminal statutes

prohibiting obstruction of justice - nor will court imply such authority to bring suit) (citations

omitted).

Thus, Plaintiff may not bring her action as a claim for obstruction of justice under any of

the statutes in the section on obstruction of justice. 18 U.S.C. § 1501 *et seq.*

**B.      18 U.S.C. § 1961 *et seq.***

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et*

*seq.*, provides a private right of action to any person injured in her business or property by reason

of a violation of § 1962 of the chapter. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir.

2006) (quoting 18 U.S.C. § 1964(c)).  In order to state a civil RICO claim, Plaintiff must allege

"(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern

(4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or

participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce.

18 U.S.C. § 1962(a)-(c) (1976)." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).

The RICO violation must cause injury to business or property. *Lundy v. Catholic Health System*

_____

[5] Copies of unreported cases cited herein will be provided to Petitioner. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

*of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)).  The pattern of racketeering activity must consist of two or more predicate acts of racketeering listed in 18 U.S.C. § 1961(1), (5).  *Id.*  In addition, Plaintiff must show that the predicate acts "amount to, or pose a threat of, continuing criminal activity." *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995).

Plaintiff has failed to allege any facts whatsoever suggesting the existence of a pattern of racketeering by Defendant.  *See* 18 U.S.C. § 1961(1).  Furthermore, the statute of limitations for a civil RICO claim is four years.  *See Agency Holding Corp. v. Malley-Duff Assocs., Inc.*, 483 U.S. 143, 156 (1987).  The limitations period starts to run when the plaintiff discovers or should have discovered the injury.  *See In re Merrill Lynch Ltd. Partnerships Litigation*, 154 F.3d 56, 58 (2d Cir. 1998) (*per curiam*).  Plaintiff discovered her alleged injury in May or June of 1999 when Defendant told her she had to move her van from storage and did not commence this action until December 31, 2013.

**C.      42 U.S.C. § 1981/ADA**

Plaintiff alleges generally that she is disabled and Black, and, in conclusory fashion, that Defendant's wrongful acts were motivated by her disability and her race.  (Dkt. No. 1 at ¶ 2.)  42 U.S.C. § 1981 provides for equal rights based upon race, and covers both public and private conduct. 42 U.S.C. § 1981(a), (c).  To state a claim, a plaintiff must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar College*,  35 F.3d 709, 713-14 (2d Cir. 1994).  "[A] complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Act, fails to state a

claim . . . ."  *Id.* (quoting *Martin v. N.Y State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) (*per curiam*)).

The Americans with Disabilities Act ("ADA") provides for protection against discrimination based upon disability.  42 U.S.C. § 12101 *et seq*.  Plaintiff does not cite the ADA as a basis for her claims, but given the liberality with which *pro se* complaints are treated, this Court has interpreted Plaintiff's claim to raise the strongest claims it suggests. *Burgos, supra.* Even assuming that Plaintiff cited the appropriate statute for disability discrimination, in the appropriate venue, Plaintiff's claims cannot survive.

Title III of the ADA applies to public accommodations and provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To state a claim under Title III, a plaintiff must allege that he is disabled as defined by the ADA and that the defendant owns or operates a public accommodation and has discriminated against the plaintiff within the meaning of the ADA.  *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

Although Plaintiff makes the general statement that she is both Black and disabled, there are no other facts stated that even remotely support her claim that Defendant discriminated against her under either § 1981 or the ADA.  It is unclear how Plaintiff determined that Defendant was discriminating against her based on race and/or her unidentified disability. According to her Complaint, Plaintiff informed Defendant that she and her mother were disabled at the time she arranged to move the van into the storage unit, and Defendant presumably became

12

aware that Plaintiff was Black either when she made arrangements to store the van or brought the van in for storage. The van remained in storage with Defendant for some four months before Defendant informed Plaintiff it would have to be moved. (Dkt. No. 1 at ¶¶ 3, 6.) Furthermore, Plaintiff has alleged that in June of 1999, Defendant contacted her and offered to transfer the van to a place where it could be stored. *Id.* at ¶ 14.

The statute of limitations for § 1981 claims is four years. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004). A plaintiff's discrimination claim accrues when she knew or should have known about the discriminatory action. *Washington v. Cit of Rockland*, 373 F.3d 310, 317-18 (2d Cir. 2004). The statute of limitations for ADA claims is three years. *Johnson v. DHS/ICE*, No. 13-CV-288A (Sr), 2013 WL 6669232, at *4, 2013 U.S. Dist. LEXIS 177787, at *11 (W.D.N.Y. Dec. 18, 2013) (citing *Chisholm v. United of Omaha Life Ins.*, 514 F. Supp. 2d 318, 326 (D. Conn. 2007)).

In this case, as stated above, Defendant's allegedly wrongful act in requiring Plaintiff to move her van from the storage area occurred in May and June of 1999, more than fourteen years ago. *Id*. at ¶ 6. Plaintiff filed this action on December 13, 2013, long after both statutes of limitations expired. Statutes of limitation are subject to equitable tolling where it is necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing. *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). Equitable tolling is an extraordinary measure that applies only when the plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected under the circumstances. *Id.* "The burden of demonstrating the appropriateness of equitable tolling lies with plaintiff." *Boos v. Runyan*, 201 F.3d 178, 185 (2d Cir. 2000). Equitable tolling has been allowed where a complainant actively pursued judicial

relief during the statutory period and was induced or tricked by his or her adversary's misconduct to let the time pass. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling may also be proper when plaintiff "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (citation and internal quotation marks omitted).

In this case, there are no allegations in the Complaint suggesting that grounds might exist for equitably tolling any statutes of limitation that would apply in this lawsuit. Plaintiff is clearly aware of how to commence lawsuits. As stated above, in addition to the multiple cases that she filed in the Northern District of New York on December 13, 2013, plaintiff filed three cases in the Northern District of New York in 2010, claiming that various wrongs had been committed against her. Each of the cases from 2010 have been closed. Furthermore, Plaintiff commenced an action against Liberty Mutual Insurance Company in the United States District Court, Northern District of Texas in 2000. The action, which was dismissed for failure to prosecute, reveals that Plaintiff knew how to and had commenced a lawsuit involving another matter prior to the time the statute of limitations on her claims in this lawsuit expired, and she failed to do so.[6] Given the foregoing, there is no reason why any applicable statutes of limitations should be tolled in this action.

> **D.     15 U.S.C. § 2301, *et seq*.**

The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, "provides a

---

[6] *See Nadine V. Townsend v. Liberty Mutual Fire Insurance Company, et al.*, 3:00-CV-0287-P (N.D. Tex.) (Dkt. No. 6.)

private right of action for a consumer against a manufacturer or retailer who, *inter alia*, fails to comply with the terms of a written or implied warranty." *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012) (citations omitted). The MMWA applies to "consumer products," defined in relevant part as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes . . . ." 15 U.S.C. § 1503(1). Therefore, the MMWA has no application to Plaintiff's claim against Defendant for requiring her to remove her van from storage.

### E.    Breach of Contract

If Plaintiff had any claim at all against Defendant based upon the facts alleged in the Complaint, it likely would have been a state law claim for breach of contract. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal subject matter jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). *See Townsend v. L.T. Auto Transport, Inc.*, No. 1:13-CV-1601 (MAD/CFH), 2014 WL 1572801, at *3, 2014 U.S. Dist. LEXIS 54188, *3 (N.D.N.Y. Apr. 18, 2014).

Plaintiff has failed to plead any viable federal law claim and, for the reasons discussed above, would be unable to correct that deficiency in an amended pleading in this case. Diversity jurisdiction under 28 U.S.C. § 1332 requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff is seeking $50,000 in damages, which does not satisfy the diversity jurisdiction amount in controversy requirement. Therefore, even if venue were proper,

the District Court is without subject matter jurisdiction over a breach of contract claim.[7]

Plaintiff's breach of contract would be barred by the statute of limitations in any event. A federal court sitting in diversity will apply the forum state's choice of law rules. *See Arthur Glick Truck Sales, Inc. v. Stuphen East* Corp., 914 F. Supp. 2d 529, 538 n.11 (S.D.N.Y. 2012). New York applies a "center of gravity" or "grouping of contacts" analysis in determining choice of law in breach of contract claims. *Matter of Allstate(Stolarz)*, 597 N.Y.S.2d 904, 906-07 (1993); *see also Maryland Cas. Co. v. Continental Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003). "Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997).

The significant contacts are with the State of Texas in this case, and the statute of limitations on a breach of contract claim in Texas is four years, with the claim accruing at the time of the breach. *See Skidmore Energy, Inc. v. Maxus (U.S.) Exploration Co.*, 345 S.W.3d 672, 685 (Tex. App.-Dallas 2011).

## VI.    MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for appointment of counsel. (Dkt. No. 3.) Courts cannot utilize a

---

[7] If Plaintiff's breach of contract claim is considered from a supplemental jurisdiction perspective, the Court recommends that the District Court exercise its discretion to decline to exercise supplemental jurisdiction in light of its recommendation that all of Plaintiff's federal claims be dismissed with prejudice. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).

bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997)).  Instead, a number of factors must be carefully considered in ruling upon such a motion.  *Id.*  Before any of those factors are considered, the court must first ascertain whether the indigent's claims seem likely to be of substance. *Id.*  Given this court's finding that Plaintiff's Complaint is frivolous, and could not remain in this district, the Court also finds that the Complaint cannot meet the first requirement for appointment of counsel and denies Plaintiff's motion for the appointment of counsel.

## VII.    CONCLUSION

Based upon the foregoing, the Court recommends dismissal of this case with prejudice. As noted above, generally when the court dismisses a *pro se* complaint *sua sponte*, it should afford the plaintiff the opportunity to amend at least once, *Gomez,* 171 F.3d at 795, unless any amendment would be futile.   *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the Court finds that any attempt by Plaintiff to amend this Complaint would be futile.  Plaintiff now has multiple cases pending in this district.  She has been given the opportunity to amend in some cases where she has named defendants that are in the Northern District of New York.

The difference in this case is that Plaintiff has named a Defendant over which the Court has no jurisdiction.  This Court would not keep the action in any event because venue is improper.  The Court only has the option of dismissing or transferring the case.  Because in addition to the improper venue, the claims are largely vague and conclusory, cannot be brought under any of the federal statutes cited, and all appear to be barred by any statute of limitations, this case presents an extraordinary circumstance warranting dismissal rather than transfer to the

17

Northern District of Texas.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**, and it is

**ORDERED**, that the Clerk's Office provide Plaintiff with copies of the unpublished decisions cited herein with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.


Dated: April 30, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge